J-A06012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NATURES WAY SPRINGS L.P., IND, AND AS A MEMBER OF LEHIGH POINTE PROPERTY OWNERS ASSOC. AN UNINC. ASSN. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| C. PANEL HOLDING LLC ET AL | |
| Appellee | No. 1222 MDA 2015 |

Appeal from the Judgment Entered July 6, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2011-09037

BEFORE:  LAZARUS, STABILE, and DUBOW, JJ.

CONCURRING MEMORANDUM BY STABILE, J.:          **FILED MAY 25, 2016**

I join in the Majority's disposition of Appellant's first two issues and write only to concur in the denial of Appellant's third, as I do not believe Appellant may appeal the denial of a summary judgment motion after a case has been tried to verdict.

The purpose of a pre-trial summary judgment motion is to weed out meritless cases and avoid a useless trial. *DeArmitt v. New York Life Ins. Co.,* 73 A.3d 578, 595 (Pa. Super. 2013) (citation omitted). Summary judgment is granted properly when there are no material facts in dispute as to any cause of action and judgment may be entered before trial as a matter of law. *Swords v. Harleysville Ins. Companies,* 883 A.2d 562, 566 (Pa. 2005). The record for purposes of ruling on a motion for summary judgment

consists of the pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses, that would, if filed, comply with Pa.R.C.P. No. 4003.5(a)(1). **See** Pa.R.C.P. No. 1035.1. Once a matter proceeds to trial, however, the record for purposes of appeal is different from that when passing upon a pre-trial motion for summary judgment. The record for appeal after trial consists of the original papers and exhibits filed in the trial court, paper copies of legal documents filed electronically with the prothonotary, the transcript of proceedings, if any, and certified copies of the docket entries. **See** Pa.R.A.P. 1921. The pre-trial record and appeal record are not the same. Once a trial is completed the purpose of a summary judgment motion and its record no longer are relevant for purposes of seeking post-trial relief. If post-trial relief is sought, nonetheless granted, it must be based upon the record established for trial. During trial and post-trial, the mechanisms to test the sufficiency of a plaintiff's evidence are a motion for nonsuit, directed verdict, and motions for post-trial relief. **See** Pa.R.C.P. Nos. 230.1, 226, and 227.1. Motions for summary judgment are no longer available and may not be filed once trial commences. **See** Pa.R.C.P. No. 1035.2 (motion for summary judgment to be filed so as not to delay trial). If the record upon which a summary judgment is filed loses its relevancy once a case is tried to verdict, it follows that a denial of a summary judgment motion cannot be appealed, since the record upon which it was denied is not the same record upon which the verdict and final order are entered.

Here, Appellant contends it was error to deny its motion for summary judgment because the language of the easements and covenants in question was clear and unambiguous. In response, as the Majority points out, Appellee notes there were many disputed facts concerning the enforceability of Covenant 6 that made denial of the motion proper. The Majority, after record review, agreed that myriad issues of fact existed. Majority Memorandum, at 10. Appellant's attempt to gain review of the denial of his pre-trial summary judgment motion post-trial, is incongruent with the record for review on appeal and applicable rules governing pre-trial, trial, and post-trial practice. Accordingly, I would deny Appellant's last issue that the trial court erred by denying its pre-trial motion for summary judgment on the basis that the denial is not an appealable order.[1] Since the Majority likewise denies relief on this last issue, albeit for a different reason, I respectfully offer only my concurrence on this final issue.

_____

[1] Unlike the denial of a motion for summary judgment, a motion granting summary judgment as to less than all parties may be appealed, but only after a final order is entered in a matter. **K.H. v. J.R.**, 826 A.2d 863, 869 (Pa. 2003).